UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 13-45-HRW

RICHARD RATLIFF, PLAINTIFF,

v.  **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on May 1, 2012, alleging disability beginning on September 3, 2010, due to lower back pain, numbness in arm, knee problems, inability to read and write very well, anxiety attacks and anger management problems (Tr. 166). This application was denied initially and on reconsideration.

On January 25, 2013, an administrative hearing was conducted by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Anthony Michael, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 21, 1013, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 9-19).

Plaintiff was 46 years old at the time of the hearing decision. He has a 9th grade education (Tr. 167). His past relevant work experience consists of work as a self-employed yard worker, construction laborer, stock clerk and service station attendant (Tr. 167).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application (Tr.11).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative joint disease of the back, ankle and wrists, depression and anxiety, which he found to be "severe" within the

meaning of the Regulations (Tr. 11-12).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 12-13).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 17) but determined that he has the residual functional capacity ("RFC") to perform light level work with the following restrictions: (1) occasionally lift 50 pounds with the left, non-dominant arm; (2) frequently bend, stoop, squat, crouch, or crawl; (3) understand and remember simple instructions and procedures requiring brief initial learning periods; (4) sustain reasonable attention and effort for simple tasks requiring little independent judgment and involving minimal variation with regular tolerances of two-hour segments; (5) relate adequately with co-workers and supervisors for task completion with no public contact; (6) adapt adequately to situational changes and work demands in a setting with reasonable support and structure; (7) handle normal hazards; and (8) would need the option to sit/stand at 30-to-60 minute intervals. (Tr. 16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 18).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 13] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly discounted the opinion of his treating physician, Ira Potter, M.D. and (2) the hypothetical posed to the VE was flawed.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly discounted the opinion of his treating physician, Ira Potter, M.D.

4

In an assessment, dated November 27, 2012, Dr. Potter suggested significant limitation in Plaintiff's ability to do work-related activities (Tr. 353-357). Plaintiff argues that these restrictions should have been included in the RFC and would have qualified Plaintiff as disabled.

The opinion of a treating physician is generally given greater weight than that of an examining physician. *Bogle v. Sullivan*, 998 F.2d 342, 347-348 (6th Cir. 1993). In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

First, it is manifest from the ALJ's decision that he did not simply ignore or discard Dr. Potter's opinion. He discussed it in detail.

Further, the record casts doubt as to whether Dr. Potter is, in fact, a treating source as Plaintiff's treatment history with him is less than a year in length. A treating physician is "your own physician, psychologist, or other acceptable medical source who provides you, or has provided you with medical treatment or evaluation and *who has, or has had, an ongoing treatment relationship with you.*" 20 C.F.R. § 404.1502 (emphasis added). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once...." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). In addition to the November 2012 report referred to

above, there are records from only two examinations by Dr. Potter, in August and September of 2012 (Tr. 342-352). Three visits may not suffice as an ongoing relationship.

Even if Dr. Potter were to be considered a treating physician, his opinions are not sufficiently supported to be afforded deference. Dr. Potter failed to provide objective medical evidence or other evidence to support his opinion that Plaintiff's physical RFC was significantly limited While Dr. Potter noted on his November 2012 RFC form that Plaintiff had chronic low back pain, cervical spine pain, shoulder pain, right carpal tunnel syndrome, and bilateral knee pain (Tr. 355), "[t]he mere diagnosis [of a condition], of course, says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Moreover, his own notes reflect unremarkable findings. For example, Dr. Potter's September 2012 examination report indicates Plaintiff exhibited no joint swelling anywhere or any significant range of motion limitations (Tr. 15-16, 343, 345). His review of Plaintiff's September 2012 spinal x-rays indicated only some vertebral osteophyte formation, a slight narrowing of the L5-S1 interspace, and a straightening of the cervical lordosis, with otherwise unremarkable results (Tr. 15, 358). Thus, as the ALJ indicated, Dr. Potter's opinion was unsupported in severity by his own examination notes or objective medical findings.

Also, Dr. Potter's opinion of severe limitation is at odds with other, credible medical evidence in the record. In December 2009, consultative examining physician David L. Winkle, M.D., found Plaintiff's spinal x-ray showed only a slight straightening of the normal lordotic curve of the lumbar spine and a very small osteophyte at the cordial aspect of L1, with otherwise normal alignment and no disc space narrowing, resulting in "findings of very slightly degenerative joint disease" (Tr. 14, 254). In June 2011, an emergency room physician indicated

that Plaintiff's shoulder x-ray showed no osseous or articular abnormality (Tr. 14, 293). Dr. Winkle examined Plaintiff again in June 2012 and indicated that all Plaintiff's range of motion testing was within normal limits; he was able to knee squat and heel, toe, and tandem walk; and he had no pain with straight leg raising test, 2+ and symmetric reflexes, and normal strength and dexterity of his upper extremities (Tr. 15, 327-30). Accordingly, substantial evidence supports the ALJ's rejection of Dr. Potter's November 2012 RFC opinion because it was unsupported by the record as a whole (Tr. 16).

With regard to Plaintiff's mental issues, Dr. Potter's mental examination showed Plaintiff was oriented to person, place, and time and had a normal ability to pay attention and concentrate, appropriate affect, normal mood, intact judgment and insight, and no hallucinations, delusions, or psychotic thoughts (Tr. 15-16, 345). Despite assessing Plaintiff with fatigue, insomnia, and panic attacks, Dr. Potter did not prescribe any treatment plan for Plaintiff's mental conditions (Tr. 345-46). Plaintiff cites no other treatment notes nor does an independent review of the record reveal any other treatment notes concerning his mental conditions.

Finally, the Court is mindful of the fact that it is the ALJ who makes the ultimate determination of disability, not the treating doctor. *Houston v. Secretary of Health & Human Services*, 736 F.2d 365, 367 (6th Cir. 1984). In this case, the ALJ's RFC and ultimate determination is supported by substantial medical evidence.

Plaintiff's second claim of error is that the hypothetical posed to the VE was flawed. This argument is without merit. The hypothetical accurately portrayed the claimant's abilities and limitations, as required by *Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th

7

Cir. 1987) and its progeny. This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Based upon the credible medical evidence in the record and evaluation of claimant's daily activities, the ALJ crafted a hypothetical which accurately contemplated the same (Tr. 41-43. In response to the ALJ's hypothetical, the VE cited to a significant number of jobs the hypothetical individual could perform. The VE's responsive testimony provided substantial evidence to support the ALJ's decision that claimant was not disabled.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25th day of September, 2014.



Signed By:
Henry R. Wilhoit Jr.
United States District Judge